## GRANGE MILL CO.

### v.

## WESTERN ASSURANCE CO. ET AL.

INSURANCE—EVIDENCE.—Where an insurance company denied its liability on certain policies on account of fraud, etc., but compromised with the insured by paying half the amount, and a third party claiming the right to be subrogated to the insurance money filed a bill against the company, and the company in their answer denied their liability to the insured. *Held*, that such party must give evidence tending to show the company's liability. Mere proof of the compromise is not sufficient.

ERROR to the Circuit Court of Union county; the Hon. D. M. BROWNING, Judge, presiding. Opinion filed September 24, 1885.

In October, 1880, the Grange Mill Company, of Cobden, Illinois, the plaintiff in error, sold its mill property to John T. Emison, one of the defendants in error, for $6,800. He paid $2,000 down on the contract, and was to have one year in which to pay the balance, $4,800, with eight per cent. interest. He was to receive a bond for a deed, and was required by the agreement which was in writing, to insure the property for the benefit of the mill company. He was put into immediate possession of the mill property, but some questions having arisen between the parties, Emison declined to execute the note for the $4,800, or to accept the bond for a deed when it was tendered to him. He continued in possession of the mill property, and instead of insuring the mill for the benefit of the mill company he insured it for $5,000 in the name of John T. Emison & Co., he having, after the purchase, associated

with himself in business one Lee Musselman, another defendant in error, the style of the firm being John T. Emison & Co.

In June, 1881, the mill was destroyed by fire, and Emison and Musselman turning out to be totally insolvent, the mill company, the plaintiff in error, on the 7th day of November, 1881, filed its bill against them and the four insurance companies, which had taken the insurance, setting up substantially, the facts as above stated and laying claim to the moneys, on the ground that at the time of the purchase of the property it was a part of the agreement that Emison should insure the same for its benefit, and urging that in equity the insurance moneys belonged to it.

Before the bill was filed Emison & Co. had brought four suits on their policies, the insurance companies having declined to pay because, as they alleged, Emison & Co. had made some misrepresentations as to the property.

In March, 1882, Emison & Co. obtained judgments in their four suits amounting to $5,000. The insurance companies appealed to this court, and at the August term, 1882, their judgments were all by agreement reversed, said companies having paid Emison & Co. $2,500 in full settlement of all claims Emison & Co. had against them.

The mill company filed a supplemental bill setting up these facts. The case was heard March 18, 1885, and on the 6th of June the circuit court dismissed the bill and rendered a decree against plaintiff in error for costs, and from this decree and the order dismissing the bill, the mill company prosecutes this writ of error.

The chief grounds of defense urged by the insurance companies were that their contracts of insurance were with Emison & Co. and not with the Grange Mill Co.; that they were not liable on the policies even to Emison & Co., and that they had no notice or knowledge of the rights or interests of the mill company.

Mr. JOHN M. LANSDEN, for plaintiff in error.

Mr. W. S. DAY and Messrs. CRAWFORD & BUSSEY, for defendants in error.

Grange Mill Co. v. Western Assurance Co.

Pillsbury, P. J.   On the trial of this cause in the court below no evidence was introduced by the plaintiff in error going to show that the insurance companies were originally liable upon the policies issued to Emison & Co., but it seemed to rely upon the fact that the companies had compromised the suits commenced by them, and had paid Emison & Co., upon such compromise, the sum of $2,500, with notice that the plaintiff in error had an equitable right to the money under its contract with Emison to insure for its benefit.

We are not prepared to say that such proof alone would authorize a decree for the plaintiff in error.  Sufficient appears in this record to show that the defendants in error were in good faith litigating the suits brought by Emison & Co., upon the ground that they had made false and fraudulent representations in their applications for the insurance, concerning their interest in the property insured material to the risk, and although defeated in the trial court, had appealed the causes to this court for the purpose of obtaining a reversal of the several judgments rendered against them respectively.  What the result of the appeals would have been had this court passed upon the merits involved, it is of course impossible to determine, as this record does not present for our consideration the record of those cases, but it seems that the parties to those suits preferred to compromise rather than to further litigate.   The compromise was made, the judgments reversed and the controversy ended.

Emison & Co. can scarcely be said to have an abiding faith in the justice of their claim, for they accepted one half of the recovery below, and the same may be said of defendants in error concerning their defense, for they paid one half of the amount claimed and recovered.

The insurance companies had the undoubted legal right to settle and compromise an unfounded claim against them if they saw proper so to do; but it can hardly be claimed that they are thereby concluded from relying upon their defense in a litigation commenced by other parties.

The right of plaintiff in error to recover in equity upon the principle of subrogation, depends, of course, upon the validity

of the policies and the right of Emison & Co. to recover upon them at law; for if Emison & Co. could not maintain a suit upon the policies because of their fraud in procuring the insurance, there is no ground upon which the plaintiff in error can stand either at law or in equity, and in such case must look to Emison upon its contract with him to insure for its benefit.

The defendants in error in their answer denied the liability to Emison &. Co., and no proof was offered by plaintiff in error upon that point aside from proof of the compromise as above stated. We think it should have given some evidence tending to show a liability of defendants in error upon the contract of insurance, to the benefits of which it desired to be subrogated, and as it did not no error was committed in dismissing its bill.

Decree affirmed.